UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

DUSTYN D. BOWLDS,

    Plaintiff,

v.     CAUSE NO. 1:24-CV-435 DRL-SJF

ANTHONY PURDY, DAVID MEEKS,
and PERSINGER,

    Defendants.

OPINION AND ORDER

Dustyn D. Bowlds, a prisoner without a lawyer, filed an amended complaint raising allegations about his interaction with law enforcement officers in Marion, Indiana. ECF 6. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citation omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The complaint begins by describing events on February 2, 2024. Mr. Bowlds alleges he can prove Detective Anthony Purdy wrote a false report because "I have video evidence that Purdy was not in the driver seat as he claimed and the car they pulled over did not make an infraction . . .." ECF 6 at ¶ 4. Whether Detective Purdy was in the driver

seat when someone else's car was pulled over without probable cause is not a basis for Mr. Bowlds to sue Detective Purdy. Such a claim, if it exists at all, lies with the person who was stopped.

The complaint next alleges officers served Mr. Bowlds with a warrant to take his DNA on August 2, 2024, while he was a pretrial detainee at the Grant County Jail. Mr. Bowlds did not want to provide a DNA sample and resisted the officers. He alleges Detective David Meeks and Lt. Persinger held his head while Detective Purdy took the sample. He alleges they used excessive force and knocked out a front tooth. "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 539 (1979). "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (*quoting Bell*). It is unclear whether the officers used more force than was necessary given that Mr. Bowlds was resisting providing a DNA sample, but as alleged, the complaint states a claim against these officers.

The complaint also alleges two unknown jail guards were involved. The first guard is alleged to have handcuffed him and put him in a chair. This does not state a claim because doing so was rationally related to the legitimate nonpunitive governmental purpose of taking his DNA sample as authorized by the warrant. The second jail guard is alleged to have held Mr. Bowlds head with Lt. Persinger and Detective Meeks while

the sample was taken. This guard is also alleged to have denied Mr. Bowlds medical treatment for the lost tooth by refusing to allow him to speak to a nurse. These allegations state a claim against the second unknown jail guard, but "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). After the named defendants enter appearances, the court will set a scheduling order and Mr. Bowlds can conduct discovery to attempt to identify the second unknown jail guard. If he finds a name for this guard, he can file a motion asking to file an amended complaint.

For these reasons, the court:

(1) GRANTS Dustyn D. Bowlds leave to proceed against Detective Anthony Purdy in his individual capacity for compensatory and punitive damages for violating the Fourteenth Amendment by using excessive force while taking a DNA sample on August 2, 2024, at the Grant County Jail;

(2) GRANTS Dustyn D. Bowlds leave to proceed against Detective David Meeks and Lt. Persinger in their individual capacities for compensatory and punitive damages for violating the Fourteenth Amendment by holding his head while Detective Purdy used excessive force to take a DNA sample;

(3) DISMISSES all other claims;

(4) DISMISSES John Doe 1 and John Doe 2;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate

and serve process on) Detective Anthony Purdy, Detective David Meeks, and Lt. Persinger at the Marion Police Department, with a copy of this order and the complaint (ECF 6);

(6) ORDERS the Chief of the Marion Police Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if he has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Detective Anthony Purdy, Detective David Meeks, and Lt. Persinger to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

January 16, 2025

*s/ Damon R. Leichty*
Judge, United States District Court

4